IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| M. ERNEST WILSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>IHC HEALTH SERVICES, INC. dba<br>DIXIE REGIONAL MEDICAL CENTER,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:12cv835<br><br><br><br>Magistrate Judge Paul M. Warner |

　　　　　On October 10, 2012, all parties consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is IHC Health Services, Inc.'s ("Defendant") motion to dismiss.[2]  On March 7, 2013, the court held a hearing on the motion.  At the hearing, Defendant was represented by Brinton R. Burbidge and Daniel R. Harper, and M. Ernest Wilson ("Plaintiff") was represented by John D. Ray.  Before the hearing, the court carefully considered the motion, memoranda, and other materials submitted by the parties.  After considering the arguments of counsel and taking the motion under advisement, the court renders the following memorandum decision and order.

---

[1] *See* docket no. 9.

[2] *See* docket no. 10.

## I.  BACKGROUND

Plaintiff was a patient at Dixie Regional Medical Center, one of Defendant's hospitals, when he allegedly fell off of the operating table because he had not been properly secured. Plaintiff asserts that the fall caused a tear in his left rotator cuff, as well as other should and neck injuries.  On August 30, 2012, Plaintiff filed a complaint asserting that Defendant's care and treatment were wrongful, careless, and negligent and, therefore, Plaintiff seeks damages for his injuries.[3]  Defendant moves the court to dismiss Plaintiff's complaint under rule 12(b)(1) of the Federal Rule of Civil Procedure for lack of subject matter jurisdiction on the grounds that the parties are not diverse.  *See* Fed. R. Civ. P. 12(b)(1); *see also* 28 U.S.C. § 1332.

## II.  DISCUSSION

Plaintiff claims that he moved from Utah to Nevada in 2008, after purchasing a condominium with his son.  It is not disputed that Plaintiff works and stays in Nevada during the work week and returns to his wife and their house in Utah on the weekends.  Plaintiff asserts that he has established his domicile in Nevada because he is registered to vote in Nevada, files federal income taxes in Nevada, drives a vehicle registered in Nevada, and maintains a Nevada driver's license.  Defendant counters that Utah is Plaintiff's domicile as it is the center of Plaintiff's domestic, social, and civil life.  Defendant asserts that Plaintiff owns a home in Utah; receives legal, medical, and accounting services in Utah; and attends church in Utah.  Defendant also claims that Plaintiff cannot establish domicile in Nevada because he never abandoned his domicile in Utah.

---

[3] *See* docket no. 2.

### A. JURISDICTION

Under 28 U.S.C. § 1332(a)(1), federal courts have jurisdiction over civil actions with an amount in controversy over $75,000 "between citizens of different states." 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction has the burden of establishing subject matter jurisdiction, *see Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002), but, "since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Once allegations of diversity have been challenged, the party invoking federal jurisdiction must prove citizenship by a preponderance of the evidence."[4] *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1460 (D. Kan. 1996); *see also Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir. 1940).

To determine whether the parties are "citizens of different states," the court must determine where each party is domiciled. 28 U.S.C. § 1332(a)(1); *see Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1989). A party's domicile is established by (1) physical presence in a state and (2) an intention to remain in that state indefinitely. *See Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Analysis of whether a party is physically present in a state begins with the party's residence, but residence in a particular state is not sufficient, by itself, to establish domicile. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

---

[4] The court notes that the parties disagree about what evidence standard should be applied for purposes of establishing diversity jurisdiction: Defendant argues that clear and convincing evidence standard is required while Plaintiff urges the court to utilize a preponderance of the evidence standard. Because the court concludes that Plaintiff fails to establish by a preponderance of the evidence that the parties are diverse, the court need not address the clear and convincing evidence standard. *See Wolf Mountain Resorts LC v. ASC Utah, Inc.*, No. 2:08-CV-191 TS, 2008 WL 2838659, at *1 (D. Utah July 21, 2008) (holding that the party seeking to invoke diversity jurisdiction "must establish diversity by a preponderance of the evidence" unless that party is "attempt[ing] to show a change of domicile. In such cases, [that] party must put forth clear and convincing evidence demonstrating the change" (footnotes omitted)).

Jurisdiction for purposes of diversity depends on Plaintiff's domicile at the time of filing. *See, e.g.*, *Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010).

"Residence and intent are inextricable elements of domicile. If unaccompanied by the necessary intent, residence alone is not determinative of citizenship." *Bair v. Peck*, 738 F. Supp. 1354, 1355 (D. Kan. 1990). Furthermore, "'mere mental fixing of citizenship is not sufficient'" to establish intent. *Id.* (quoting *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966)). Although statements of intent are relevant, they are given little relative weight in the overall analysis. *See id.* at 1356. Finally, a party does not have to intend to remain in a state permanently to have sufficient intent to establish domicile; but, if the party intends to return to a prior domicile when a reasonably foreseeable event occurs, then a party does not have sufficient intent to establish a new domicile. *See id.*

"Where it appears that a party may have more than one residence, the court should use a 'totality of evidence' approach to ascertain the party's intended domicile." *Cressler*, 930 F. Supp. at 1460 (citation omitted). Courts consider a variety of factors in determining the domicile of an individual with two or more residences, including the following: (1) whether or not an individual votes where he claims domicile; (2) where an individual is employed; (3) where the party maintains automobile registration and his driver's license; (4) where a party maintains bank accounts; (5) the manner in which an individual lives, taken in connection with station in life; (6) whether the individual's family and dependents have moved to the new residence; (7) whether an individual's belongings have been moved to the new residence; (8) one's relationship with churches, clubs, and investments in the new residence; (9) whether or not a place of abode is retained in the old state of residence; (10) whether or not investments in local property or enterprise attach one to the former residence; (11) whether one retains affiliations

with professional and fraternal life of the former community; and (12) where the individual pays taxes. *See, e.g.*, *Middleton v. Stephenson*, No. 2:11CV313, 2012 WL 2224451, at *4 (D. Utah June 14, 2012) (unpublished); *Coffman v. Myers*, No. 06-2297, 2007 WL 1703553, at *2 (D. Kan. June 12, 2007) (unpublished); *Cressler*, 930 F. Supp. at 1460. This court will now apply these factors to the instant case.

### 1. Voting

Plaintiff registered to vote in Nevada in 2008 and votes there regularly. Both registering to vote and voting are highly relevant when ascertaining domicile. *See Middleton*, 2012 WL 2224451, at *5. The court finds that this factor is indicative of Plaintiff being domiciled in Nevada.

### 2. Employment

The parties do not dispute that Plaintiff is employed full-time in Nevada. He has continually worked there since 2001. The court finds that this factor weighs in favor of Plaintiff being domiciled in Nevada.

### 3. Automobile Registration

Plaintiff has one vehicle registered in Nevada. Plaintiff also has a Nevada driver's license. Although it is not clear whether Plaintiff also has a Utah driver's license or if he has other cars registered in Utah, the court finds this factor weighs in favor of a Nevada domicile.

### 4. Bank Accounts

Plaintiff avers that he has bank accounts in Nevada. However, it is inconclusive whether Plaintiff shares joint bank accounts with his wife in Utah. Based on the facts presented, the court finds this factor weighs in favor of a Nevada domicile.

### 5. Manner of Living

Plaintiff and his son own a 1,200 square foot, two-bedroom condominium in Nevada, valued at less than $70,000. Meanwhile, Plaintiff, with his wife, owns a 3,400 square foot, four-bedroom house in Utah, valued at over $370,000. Plaintiff does not dispute that he returns to the Utah house on the weekends. Taken with Plaintiff's station in life, the size of the properties, with whom he owns the properties, and the nearing of Plaintiff's retirement, this factor weighs heavily in favor of a Utah domicile.

### 6. Location of Family

Parties agree that Plaintiff's wife resides in their Utah home and also works in Utah. Defendant relies heavily on this factor to support its argument in favor of a Utah domicile. Defendant points to case law indicating the residence of a spouse is "given considerable weight," and "the place where [a man's] wife . . . [lives] is likely to be his domicil . . . [s]o when he leaves his family behind and goes to another place, his domicil presumable remains unchanged." *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.* 2008 WL 4671748 (N.D. Ill. Oct. 21, 2008) (unpublished) (quotations and citations omitted). Plaintiff responds that this factor should not be given undue weight because if spousal residence was the dispositive factor, then his wife could likely claim a Nevada domicile, despite the many contrary indicia. Notwithstanding Plaintiff's argument, his wife does continue to reside in Utah. The court finds that his factor weighs in favor of finding a Utah domicile.

### 7. Location of Belongings

Neither party addressed this issue in their briefs. Furthermore, at the hearing neither party could speak to the location of Plaintiff's belongings. Accordingly, this factor is inconclusive.

**8. Church Membership**

Defendant asserts that Plaintiff and his wife are members of the Church of Jesus Christ of Latter-day Saints and frequently attend church in St. George, Utah.  Plaintiff does not rebut this assertion.  The court finds this factor weighs in favor of a Utah domicile.

**9. Abandonment of Former Abode**

Parties do not dispute that Plaintiff retains a home in Utah and that he regularly spends weekends in that home.  The court finds that this factor weighs in favor of a Utah domicile.

**10.  Use of Professional Services**

Although parties dispute the importance of this factor, they do not dispute that Plaintiff relies on Utah-based medical, legal, and tax professionals.  While this factor may not be as important as voter registration or location of spouse, it is a factor that courts rely on to find domicile.  Here, it weighs in favor of Plaintiff's Utah domicile.

**11.  Taxes**

The parties agree that Plaintiff claims Nevada as his domicile for federal income tax purposes.  This factor therefore supports a finding of domicile in Nevada.

**B.  CONCLUSION ON JURISDICTION**

The parties have both produced much evidence concerning Plaintiff's domicile in both Nevada and Utah.  Plaintiff has presented factors, including driver's license, income tax filings, employment location, voting registration and history, bank accounts, and automobile registration that weigh in favor of a Nevada domicile.  The other factors, including location of spouse, manner of living, abandonment of former residence, use of professionals, and church attendance, weigh in favor of Utah domicile.  The above-mentioned factors present objective indicia from

which the court could reasonably infer the Plaintiff intended to remain in either state. When inquiring into all the factors as a whole, the totality of the evidence presents an ambivalent result.

This is a court of limited jurisdiction, with a presumption against exercising jurisdiction. Plaintiff carries the burden of establishing jurisdiction by a preponderance of the evidence. As a court in this district noted in a recent diversity dispute, "Proof of a state of equipoise between [Nevada] and Utah will not suffice—rather, [Plaintiff] must show it is *more likely than not* that he did not intend, at the time of filing, to remain in Utah indefinitely." *Middleton*, 2012 WL 2224451, at *6. Plaintiff has not met his burden.

The court cannot find that complete diversity exists between the parties; thus, this court is without jurisdiction over Plaintiff's claims. Accordingly, Defendant's motion is **GRANTED.**

### III.  CONCLUSION

Plaintiff has not met his burden of establishing that there is diversity between him and Defendant; as such, this court lacks subject matter jurisdiction over this case. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[5] under rule 12(b)(1) is **GRANTED**.

**IT IS SO ORDERED.**

DATED this 2nd day of April, 2013.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 10.